**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **EDWARD C. HUGLER**, Acting Secretary of Labor, United States Department of Labor, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. 1:17-cv-2032 |
| **ASHTON GROUP LLC**, | ) ) ) |
| Respondent. | ) |

**SECRETARY'S PETITION TO ENFORCE**
**ADMINISTRATIVE SUBPOENA _DUCES TECUM_**

COMES NOW Petitioner EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor ("the Secretary"), and hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      This Petition is brought to compel Respondent ASHTON GROUP LLC ("Respondent") to comply with an Administrative Subpoena _Duces Tecum_ issued by the Regional Director of the San Francisco Regional Office of the Employment Benefits Security Administration ("EBSA") of the United States Department of Labor in an investigation conducted pursuant to section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134.

2.      This Court has subject matter jurisdiction over this Petition pursuant to Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, as made applicable to ERISA by Sections 504(c) and 502(e)(1) of ERISA, 29 U.S.C. §§ 1134(c) & 1132(e)(1).

3.      Exhibit 1 attached hereto and made a part hereof is a Declaration of EBSA Investigator Gina D. Crogan In Support of Secretary's Petition to Enforce Administrative Subpoena _Duces Tecum_ ("Crogan Decl.").

4.     Respondent is a limited liability company with a place of business at 233 South Wacker Drive, 84th Floor, Chicago, Illinois 60606, within the jurisdiction of this Court. Kevin Hanson ("Mr. Hanson") is sole owner and principal of Respondent. Crogan Decl. at ¶ 6.

5.     Respondent prepared the valuation of the common stock shares of Allied Exhaust Systems, Inc. ("the Company") for the Allied Exhaust Systems, Inc. Employee Stock Ownership Plan ("the Plan"), which is the subject of an EBSA investigation pursuant to ERISA § 504(a), 29 U.S.C. § 1134(a). *Id.* at ¶ 4. The Plan's independent trustee, Urbach Law Group, relied upon Respondent's valuation to support the fair market value it assigned to the Company's shares which were bought by the Plan. *Id.*

6.     Venue lies in the Northern District of Illinois pursuant to 15 U.S.C. § 49 and 28 U.S.C. § 1391(b)(1) because Respondent resides in this judicial district.

## THE INVESTIGATION AND SUBPOENA

7.     At all times relevant hereto, EBSA has been conducting an investigation of the Plan under ERISA § 504(a)(1), 29 U.S.C. § 1134(a)(1), to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder. *Id.* at ¶ 3.

8.     In the course of its investigation, EBSA determined that obtaining certain information from Respondent was essential to determine whether any ERISA violations occurred regarding the administration and management of the Plan, including whether the Plan may have paid more than fair market value for the purchase of the Company's outstanding common stock shares. *Id.* at ¶ 4.

9.     On July 18, 2016, Jean Ackerman, San Francisco Regional Director of EBSA, pursuant to authority vested by ERISA § 504(c), 29 U.S.C. § 1134(c), issued an Administrative Subpoena *Duces Tecum* ("Subpoena") directed to Respondent. *Id.* at ¶ 5. Exhibit 2 (attached hereto and made a part here of is a copy of the Subpoena).

10.     EBSA served the Subpoena to Respondent's Chicago office by U.S. Certified Mail, Return Receipt Requested, on July 18, 2016. The Subpoena required Respondent to produce responsive documents by August 10, 2016. Crogan Decl. at ¶ 7; Exhibit 2.

11.     EBSA also sent a courtesy copy of the Subpoena by U.S. Certified Mail, Return Receipt Requested, to Mr. Hanson's personal residence located at 7420 North Bell Road, Fox Point, Wisconsin 53217. Crogan Decl. at ¶ 8; Exhibit 3 (attached hereto and made a part hereof is the courtesy copy of the Subpoena sent to Mr. Hanon's personal residence).

12.     On July 22, 2016, the Return Receipt for the Subpoena issued to Mr. Hanson's personal residence was signed and returned to EBSA. Crogan Decl. at ¶ 9; Exhibit 4 (attached hereto and made a part hereof is a copy of the Return Receipt signed on July 22, 2016).

13.     On July 27, 2016, the Return Receipt for the Subpoena issued to Respondent's Chicago office was signed and returned to EBSA. Crogan Decl. at ¶ 10; Exhibit 5 (attached hereto and made a part hereof is a copy of the Return Receipt signed on July 27, 2016).

### RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

14.     Respondent failed to respond to the Subpoena by the August 10, 2016 deadline. Crogan Decl. at ¶ 12.

15.     EBSA Investigator Gina D. Crogan ("Investigator Crogan") attempted to reach Respondent by telephone on August 31, 2016 and September 8, 2016. Respondent did not reply to Investigator Crogan's calls or voice mail messages. *Id.* at ¶ 13.

16.     On August 31, 2016, Investigator Crogan emailed Respondent following up on the Subpoena. Respondent did not reply to the email. *Id.* at ¶ 14; Exhibit 6 (attached hereto and made a part hereof is a copy of the August 31, 2016 email).

17.     Investigator Crogan emailed Respondent again on September 7, 2016. Respondent did not reply to the email. Crogan Decl. at ¶ 15; Exhibit 7 (attached hereto and made a part hereof is a copy of the September 7, 2016 email).

18.     On September 27, 2016, Investigator Crogan sent Respondent a letter following up on the Subpoena via U.S. Certified Mail, Return Receipt Requested, to Respondent's Chicago

office and Mr. Hanson's personal residence. Crogan Decl. at ¶ 16; Exhibit 8 (attached hereto and made a part hereof is a copy of the September 27, 2016 letter).

19.     The next day, Investigator Crogan emailed a copy of the September 27, 2016 letter to Respondent. Crogan Decl. at ¶ 17; Exhibit 9 (attached hereto and made a part hereof is a copy of the September 28, 2016 email).

20.     On September 28, 2016, Investigator Crogan received a "read" receipt from Microsoft Outlook indicating that Respondent had received and read the September 28, 2016 email. Crogan Decl. at ¶ 18; Exhibit 10 (attached hereto and made a part hereof is a copy of the September 28, 2016 Microsoft Outlook "read" receipt).

21.     On October 6, 2016, the September 27, 2016 letter sent to Respondent's Chicago office was marked "Delivered, In/At Mailbox" according to the USPS tracking website. The Return Receipt for this letter was not returned to EBSA. Crogan Decl. at ¶ 19; Exhibit 11 (attached hereto and made a part hereof is a copy of the USPS tracking website).

22.     The September 27, 2016 letter sent to Mr. Hanson's personal address was sent back to EBSA marked with "Return to sender." Crogan Decl. at ¶ 20; Exhibit 12 (attached hereto and made a part hereof is a copy of the returned envelope).

23.     On November 2, 2016, Investigator Crogan sent a letter via U.S. Certified Mail, Return Receipt Requested, to Respondent's Chicago and Los Angeles offices and Mr. Hanson's personal residences located at 7420 North Bell Road, Fox Point, Wisconsin 53217 and 4967 North Ardmore Avenue, Milwaukee, Wisconsin 53217. The letter notified Respondent that EBSA had made a good faith effort to arrange for the production of documents under the Subpoena in a manner that would lessen the impact of Respondent's day-to-day operations, and that EBSA expected full compliance with the Subpoena by November 10, 2016. Crogan Decl. at ¶ 21; Exhibit 13 (attached hereto and made a part hereof is a copy of the November 2, 2016 letter).

24.     The next day, Investigator Crogan also emailed a copy of the November 2, 2016 letter to Respondent. Crogan Decl. at ¶ 22; Exhibit 14 (attached hereto and made a part hereof is a copy of the November 3, 2016 email).

25.     On the same day, Investigator Crogan received a "read" receipt from Microsoft Outlook indicating that Respondent had received and read the November 3, 2016 email. Crogan Decl. at ¶ 23; Exhibit 15 (attached hereto and made a part hereof is a copy of the Microsoft Outlook "read" receipt).

26.     Investigator Crogan received a Return Receipt signed on November 7, 2016 for the November 2, 2016 letter addressed to Mr. Hanson's Milwaukee address. Crogan Decl. at ¶ 24; Exhibit 16 (attached hereto and made a part hereof is a copy of the Return Receipt signed on November 7, 2016).

27.     Investigator Crogan received the Return Receipt signed on November 14, 2016 for the letter addressed to Respondent's Chicago office. Crogan Decl. at ¶ 25; Exhibit 17 (attached hereto and made a part hereof is a copy of the Return Receipt signed on November 14, 2016).

28.     Investigator Crogan received the Return Receipt signed on November 19, 2016 for the letter addressed to Mr. Hanson's Fox Point address. Crogan Decl. at ¶ 26; Exhibit 18 (attached hereto and made a part hereof is a copy of the Return Receipt signed on November 19, 2016).

29.     The letter sent to Respondent's Los Angeles office was returned to EBSA marked "Return to Sender." Crogan Decl. at ¶ 27; Exhibit 19 (attached hereto and made a part hereof is a copy of the returned envelope).

30.     On December 21, 2016, Danielle Jaberg, ERISA Counsel for the U.S. Department of Labor, Office of the Solicitor, sent Respondent an email stating if Respondent did not comply with the Subpoena by January 4, 2017, the Secretary would seek to file an action in federal district court to enforce the Subpoena. Exhibit 20 (attached hereto and made a part hereof is a true and correct copy of Danielle Jaberg's December 21, 2016 email).

5

31.     To date, EBSA has not received any documents responsive to the Subpoena from Respondent.

32.     Despite the efforts to obtain Respondent's full compliance with the Subpoena, Respondent has failed to produce any documents responsive to the Subpoena.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that this Court enter an order requiring Respondent ASHTON GROUP LLC, to appear on a date certain to show cause, if any there be, why its representative should not appear before the designated EBSA representative at such time and place as the Secretary or the Court may set, then and there to produce such designated documents and records as required by the Subpoena; and that the Petitioner have such other and further relief as may be necessary and appropriate.


Dated:  March 15, 2017


**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


s/ Jing Zhang
**JING ZHANG**
Attorney


Attorney for Petitioner, **Edward C. Hugler,**
Acting Secretary of Labor

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL  60604
Telephone: (312) 353-1145
Fax: (312) 353-5698
E-mail: Zhang.Jing@dol.gov